UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 25-74-DLB

DOUGLAS GEER                                        PLAINTIFF

v.                      **MEMORANDUM ORDER**

JUDGE ABIGAIL VOELKER, et al.                      DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

Douglas Geer is a resident of Cincinnati, Ohio. Geer has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. # 1). The Court has granted Geer's motion for leave to proceed *in forma pauperis* by separate Order. The Court must review the complaint prior to service of process, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Geer's complaint is difficult to follow, but the Court discerns his displeasure with 2023 state court proceedings which permitted the adoption of a family member whom he suggests was perhaps his newborn child. (*See* Doc. # 1 at 4-8). Geer alleges in conclusory fashion legal error, discrimination, and bias by Defendants, who include the trial judge, three appellate court judges, a social worker, an attorney, a hospital, and an

1

unidentified Kentucky agency. (*See id*.). Geer seeks damages for the asserted violation of his due process rights and "return of child to the family." (Doc. # 1 at 14).

For present purposes, the Court does not consider numerous likely impediments to consideration or success of Geer's claims, including pleading insufficiency under Civil Rule 8(a), sovereign immunity, absolute judicial immunity, testimonial immunity, the one-year statute of limitations applicable to civil rights claims, the absence of state action by one or two defendants, and (depending on state case status) *Colorado River* abstention or the *Rooker-Feldman* doctrine. *Cf. Sefa v. Kentucky*, 510 F. App'x 435, 437 (6th Cir. 2013); *Simpson v. Johnson*, No. 3:23-CV-623-BJB, 2024 WL 3512141, at *4 (W.D. Ky. July 23, 2024).

Rather, the Court will dismiss this action for lack of subject matter jurisdiction under the domestic relations exception to federal jurisdiction. In *Ankenbrandt v. Richards*, 504 U.S. 689 (1992), the Supreme Court held that when enacting the Judiciary Act of 1789 Congress did not intend that federal courts should possess diversity jurisdiction over cases "involving the issuance of a divorce, alimony, or child custody decree." *Id*. at 704.[1] Thus "the domestic-relations exception deprives federal courts of diversity jurisdiction if the plaintiff seeks to modify or interpret the terms of an existing divorce, alimony, or child-

---

[1] The federal courts of appeal have differed on whether the exception applies with similar force to cases invoking federal question jurisdiction, but the Sixth Circuit has not decided the question in a published opinion. *Cf. McGuire v. Tennessee*, No. 22-5614, 2023 WL 9289932, at *2 (6th Cir. Mar. 17, 2023), *cert. denied*, 144 S. Ct. 218 (2023). However, in several unpublished opinions the Sixth Circuit held that "[e]ven when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court."). *Chambers v. Michigan*, 473 F. App'x 477, 479 (6th Cir. 2012) (*citing Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981)); s*ee also Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003). In light of this and other authority, this Court has consistently concluded that the exception applies to cases involving federal question jurisdiction. *See Fahrbach v. Harder*, No. 2: 23-CV-161-DLB (E.D. Ky. 2023); *Byrdwell v. Hellard*, No. 3: 21-CV-41-HRW (E.D. Ky. 2021) (collecting cases); *Walker v. Bentley*, No. 5: 19-CV-36-REW (E.D. Ky. 2019).

2

custody decree." *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 795 (6th Cir. 2015); s*ee also Partridge v. Ohio*, 79 F. App'x 844, 845 (6th Cir. 2003).

In this case, Geer asks this Court to flatly overrule a custody determination made by the Campbell Circuit Court and affirmed by the Kentucky Court of Appeals. Supervision and modification of a child-custody decree are matters "typically attendant to the dissolution of a marriage," and thus fall within the scope of the exception. After all, "continuing judicial supervision of a volatile family situation" are matters that "federal courts are poorly equipped to handle. . . ." *Chevalier*, 803 F.3d at 797. And Kentucky has important state interests in applying its own laws to child support and custody determinations. Because Geer may assert his due process claims in the state proceedings, dismissal under the domestic relations exception is warranted so that he may pursue his claims in the proper forum. *Hughes v. Hamann*, 23 F. App'x 337, 338 (6th Cir. 2001); *Torres v. Gaines*, 130 F. Supp. 2d 630, 635-36 (D. Conn. 2015).

Accordingly, it is **ORDERED** as follows:

(1)    Douglas Geer's complaint (Doc # 1) is **DISMISSED** for lack of subject matter jurisdiction.

(2)    This matter is **STRICKEN** from the docket.

(3)    The Court will enter a separate Judgment contemporaneously herewith.

This 3rd day of June, 2025.



Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\2-25-74 MOO Dismissing Complaint.docx